McPherson *v.* Board of Commissioners of Hazelwood Road Improvement District.

Opinion delivered November 12, 1928.

*Jeff Bratton,* for appellant.

*D. G. Beauchamp,* for appellee.

Smith, J. Under the provisions of act No. 126 of the Acts of 1919 there was created the Hazelwood Road Improvement District No. 2, and, pursuant to the authority of this act, betterments were assessed amount-

ing to $397,203.92. The preliminary work and expenses of organizing the district amounted to $20,434.53, exclusive of interest. Before any construction work had been begun or contracts therefor had been let, the General Assembly, at its 1921 session, passed special act No. 590, which repealed the act of 1919 creating the improvement district.

Section 3 of the repealing act provided that all claims against the district should be presented to the commissioners of the district within six months after the passage of the act, and should be barred if not so presented, and that, on the expiration of said six months, it should be the duty of the commissioners "to levy upon the real property of the district a tax sufficient to pay the indebtedness thereof."

The act provides that, as soon as the time for presenting claims has expired, the commissioners shall file with the clerk of the circuit court a certificate setting forth the amount of the claims that have been presented against the district, which certificate the clerk was required to record, and it was further provided that, when all claims have been paid and the affairs of the district closed, the commissioners shall file another certificate with the clerk of the circuit court showing that fact.

The act required the commissioners to certify to the county clerk the proportionate amount of the district's indebtedness which each tract of land in the district would be required to pay.

This litigation involves the correctness of the allowances made against the district by the commissioners.

Pursuant to the authority of the repealing act, the commissioners adopted a resolution, on November 5, 1921, in which the indebtedness of the district was found and declared to be $20,434.53, and it was ordered that the same should bear interest from the first day of August, 1922, until paid. The principal items comprising this indebtedness were a note to the Paragould Trust Company for borrowed money, and the claim of

the engineer. This resolution or finding by the commissioners was filed with the clerk of the circuit court December 21, 1921, and taxes were assessed against the lands of the district to pay these claims.

The repealing act provided that, in cases of delinquency resulting from the failure of the landowners to pay their proportionate part of the demands against the district, the collection thereof should be enforced in the manner provided by §§ 23 and 24 of act 279 of the Acts of 1909, entitled, "An act to provide for the creation of drainage districts in this State."

The act of 1909 provides that, if the drainage district taxes were not paid, the sheriff, as *ex-officio* collector, should not sell the delinquent lands, but should report them to the commissioners of the district, who must bring a proceeding *in rem* to enforce the payment of the taxes, together with a penalty of twenty-five per cent. which the commissioners were directed to add. The taxes were not paid by certain landowners, appellants here being among that number, and in the suit brought against their lands a penalty of twenty-five per cent. was included in the decree of foreclosure. The court also made an allowance of ten per cent. of the taxes as an attorney's fee, to be collected as costs.

Appellants by this appeal question that part of the decree allowing penalty and attorney's fee, and they also insist that there is no authority to pay interest on the claims, as was done.

We think there was authority to pay interest, as the act creating the district conferred authority to make contracts and to borrow money, as well as to issue bonds, although no bonds were issued. But we are also of the opinion that this question has not been raised in apt time.

The repealing act contemplated the greatest expedition in winding up the affairs of the district, and that the indebtedness of the district should be determined in six months after the passage of the act. The act provided that, if the commissioners reject a claim, the

holder shall be barred unless he proceeds within ninety days to enforce the same by suit, and that all suits shall be advanced as matters of public interest, and all appeals therein must be taken and perfected within thirty days. The certificate of the commissioners showing the indebtedness of the district was not attacked until this suit was brought to enforce the payment of the delinquent taxes, and we think it now too late to litigate these claims.

It is insisted that, even though this be true, there is no authority to pay an attorney's fee as costs of suit, and in no event is there authority to impose a penalty.

We think appellants are correct in their contention that no authority exists to enforce a penalty on the taxes, as no necessity therefor exists. The district does not require this penalty to pay its indebtedness. It will owe interest, but it will also collect interest, and it has authority to do so. *Meek* v. *Christian*, 168 Ark. 313, 270 S. W. 614. Section 23 of act 279 of the Acts of 1909 does allow the commissioners to enforce a penalty of twenty-five per cent. against the delinquent lands; but this is for the benefit of a going district performing its functions, while here we have a defunct district, which can have no obligations except those already determined by the commissioners. So far as this district is concerned, act 279 of the Acts of 1909 merely prescribed the procedure for enforcing the payment of the delinquent taxes, and that is by such a suit as the one brought by the commissioners of the district.

Express authority to charge an attorney's fee was not contained in the repealing act, but this authority is implied as a necessary incident to the institution of the suit. *Thibault* v. *McHaney*, 127 Ark. 1, 192 S. W. 183. The fee allowed was ten per cent. of the delinquent taxes, which does not appear to be excessive, in view of the size of the district and the amount involved.

The decree of the court below, ordering the foreclosure of the lien in favor of the creditors of the district, will therefore be reversed, with directions to

modify it by striking out the portion imposing a penalty of twenty-five per cent. In all other respects it will be affirmed.